UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EUGENE STOCK,

                Plaintiff,

v.

JAY F. WISMAN, et al.,

                Defendants.

No. C05-1214MJP

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF OF DEADLINE AND GRANTING DEFENDANTS' MOTION TO DISMISS

       This matter comes before the Court on Plaintiff's Motion for Relief of Deadline and Defendants' Motion to Dismiss Pursuant to Res Judicata, Collateral Estoppel, Untimeliness, and 12(b)(6). Having received and reviewed Defendants' Motion, Plaintiff's Motion for Relief, Defendants' Response, and all exhibits and documents submitted therewith, the Court finds that Plaintiff Stock has not provided this Court with any justifiable reason for why he was unable to timely respond to Defendants' Motion. For this reason, the Court hereby DENIES Plaintiff's Motion for Relief of Deadline. The rules of absolute judicial immunity and absolute quasi-judicial immunity prevent judges and court personnel from being sued when they are acting in their professional capacities, where they have jurisdiction, and are accomplishing tasks integral to the judicial process. Qualified immunity protects government officials whose behavior has not violated a clear constitutional right. Similarly, Plaintiff's claims against Snohomish County are barred by *res judicata*. For this reason, Plaintiff cannot maintain an action against the Defendants in this case. The Court, therefore, GRANTS Defendants' Motion to Dismiss as to all Defendants. The Court finds that

ORDER - 1

Plaintiff should have known that his claims against these Defendants lack foundation. Accordingly, the Court GRANTS Defendants' request for attorney's fees and awards $1000.00 to Defendants. Finally, this Court DENIES Defendants' request to place Mr. Stock on vexatious litigator status.

## BACKGROUND

This case centers around a dispute between Snohomish County District Court Judge Jay Wisman and Eugene Stock, a former attorney who practiced in Snohomish County and who was disbarred. Mr. Stock claims that Judge Wisman and the Snohomish County Cascade District Court staff violated his rights in a number of ways. Following his disbarment, Mr. Stock sought to enforce several judgments in the Cascade District Court where Judge Wisman presides. On February 7, 1996, Judge Wisman denied Plaintiff's motion to renew these judgments. In 1997, Plaintiff sought supplemental proceedings in another case where he was seeking a money judgment. Judge Wisman vacated the judgment. Plaintiff appealed these cases to Snohomish County Superior Court, which found no abuse of discretion on Judge Wisman's part. Plaintiff then sued Judge Wisman in Snohomish County Superior Court. That Court granted summary judgment in Judge Wisman's favor. On January 6, 2003, Plaintiff appealed this dismissal to the Court of Appeals, which dismissed the appeal as untimely. Finally, the Washington Supreme Court denied review of the case on January 12, 2005. (Def's Mot. at 1-4). Plaintiff re-filed his case against Judge Wisman in Snohomish County Superior Court on June 17, 2005. (Dkt. No. 1, Ex. A). Plaintiff also named several of the Cascade District Court's staff and the Snohomish County records manager, Gaye Hardiman, and alleged a new claim of conspiracy to schedule an inconvenient court date in his first Complaint. On August 18, 2005, Plaintiff filed an Amended Complaint in this matter that named Snohomish County as a Defendant, but omitted Ms. Hardiman as a Defendant. Because Plaintiff had alleged violations of his Federal Civil Rights Act, this case was removed to Federal Court. Defendants filed a Motion to dismiss this case on July 11, 2005. (Dkt. No. 3). On August 11, 2005, Plaintiff filed a Motion for Relief of Deadline with this Court. (Dkt. No. 8).

## ANALYSIS

ORDER - 2

**I. Plaintiff's Motion for Relief of Deadline**

Fed. R. Civ. P. 6(b) allows the Court discretion to grant an extension of a deadline where excusable neglect is shown. However, Courts do not look favorably upon litigants who simply disregard their deadlines. Although courts are allowed "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control," they need not accept late filings from parties who purposely ignore deadlines. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 388 (1993). Here, although Mr. Stock is proceeding pro se, he used to be a practicing lawyer. As a former lawyer, he knows the importance of deadlines to a court. He admits in his motion for relief that he received Defendants' motion on July 11, 2005. That motion was noted for August 5, 2005. Unfortunately, Plaintiff states that he did not realize that the noting date was set for August 5 until that very day when he finished renovations on his home and stopped to look at his mail. (Pl's Mot. at 2). Plaintiff did not compose his Motion for Relief to the Court, however, until August 9–four additional days after the noting deadline had passed.

The Court acknowledges that other life events can be pressing and that mistakes can happen. However, for Plaintiff, as a former lawyer, to have instigated litigation and then to not even have looked to see when his response was due is not reasonable. If the Plaintiff had had this foresight, he could have asked the Court for an extension of the deadline before Defendants' motion came ripe. In the alternative, the Court might have been more receptive to Plaintiff's conundrum if, once Plaintiff realized on August 5 that the deadline was upon him, he had called the Court immediately and instigated a telephonic motion to explain his circumstances and ask for the relief he seeks. Unfortunately, Plaintiff took neither of these routes. Instead, he waited an additional four days after he had realized that the deadline had passed to compose his motion for relief to the Court. This type of neglect is not of the "excusable" variety and the Court will not, therefore, grant Plaintiff's requested relief.

**II. Defendants' Motion to Dismiss**

ORDER - 3

Plaintiff Stock alleges in his Amended Complaint that Defendants in this case: 1) refused to allow Plaintiff to renew judgments; 2) refused to provide Plaintiff with a certified transcript; 3) refused to provide copies of court documents requested by Plaintiff regarding his cases; 4) refused to allow Plaintiff to review court files regarding his cases; 5) conspired to schedule Plaintiff's court date at a particularly inconvenient time; and 6) conspired to deprive Plaintiff of his right to inspect public records. (Am. Compl. at 2). Mr. Stock's allegations are vague in the sense that they do not specify who among the Defendants took which actions, which records he sought to review, nor do his allegations specify what rights were specifically violated by these actions. Because Mr. Stock complains that his federal rights have been violated, the Court assumes that Mr. Stock is bringing this suit pursuant to 42 U.S.C. §1983. Construing the Amended Complaint in the light most favorable to Plaintiff, the Court finds that it does not make out a claim upon which relief may be granted and must be dismissed under Fed. Rule Civ. Pro. 12(b)(6). The doctrines of absolute judicial immunity, absolute quasi-judicial immunity, and qualified immunity prevent the individual Defendants in this case from being sued where the state court personnel were acting within their jurisdiction to carry out judicial functions and where there has been no violation of a clearly delineated Constitutional right. As to Defendant Snohomish County, the Court finds that *res judicata* bars any claims against it because the claims Plaintiff Stock is alleging arise from a common nucleus of facts as the claims he already litigated at the state level.

A.   Immunity for Judge Wisman:

It is well-established that judges are absolutely immune from suit when they are acting in their official capacity to exercise discretion through the "judicial process." In re Castillo, 297 F. 3d 940, 947 (2002) (citing Forrester v. White, 484 U.S. 219, 225 (1988); Imbler v. Pachtman, 424 U.S. 409, n. 20 (1976)). The protection afforded by absolute immunity is available to judges, "even when it is

alleged that [judicial] action was driven by malicious or corrupt motives. . ." Id.  Absolute immunity for judicial action is a way of preventing collateral attack on judgments through civil suits filed against the judge.  Id.  However, judicial immunity does have some limits.  A judge is not absolutely immune from suits that arise from actions taken when the judge was not acting in her official capacity.  Mireles v. Waco, 502 U.S. 9, 11 (1991). Nor, is a judge immune when she takes actions, "in the complete absence of all jurisdiction."  Id.  One factor that courts look at in determining whether or not a judge should be shielded by absolute judicial immunity is whether or not the party making the complaint against the judge, "'dealt with the judge in his judicial capacity.'"  Id., (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978)).  Here, Plaintiff's complaint and other submitted materials support the proposition that Judge Wisman was acting in his capacity as a judge and within his jurisdiction at all times at which he allegedly deprived Plaintiff of his rights.  For this reason, Judge Wisman's actions *vis-a-vis* Mr. Stock are protected by absolute judicial immunity and the action against him must be DISMISSED.

B.  Immunity for Defendants Koepp, Hardiman, Calson, and Jane Does I-III:

Mr. Stock alleges that all Defendants are employees of the Snohomish County, Washington.  Defendant Koepp was the Cascade District Court Administrator until her retirement.  Ms. Hardiman is also retired, but was the former records manager for Snohomish County, where the Cascade District Court is situated, before her retirement. (Defs' Mot. at 2).  Because Mr. Stock omitted Ms. Hardiman from his Amended Complaint, it is not clear whether or not she remains a Defendant in this case.  For the purposes of this Order, the Court will treat her as a Defendant.  Mr. Stock also notes that Defendant Calson and Jane Does I-III are employees of Cascade District Court, but it is not clear what positions they held, nor are there any particular allegations regarding how they violated his rights.

ORDER - 5

1    The doctrine of absolute quasi-judicial immunity extends to people who are not judges, but
2 who are carrying out functions that are, "closely associated with the judicial process," and who are
3 acting on a judge's instructions. In re Castillo, 297 F. 3d at 948; Henriksen v. Bentley, 644 F. 2d 852,
4 (10th Cir. 1980).  Qualified immunity also protects certain government employees from liability where
5 no clearly established constitutional right was violated by their conduct. Petcu v. State of
6 Washington, 121 Wn. App. 36, 61, 86 P. 3d 1234 (2004).  When ruling on whether or not a
7 government official is protected by qualified immunity, a Court must first ask whether, viewing the
8 allegations in the light most favorable to the Plaintiff, a clearly established Constitutional right was
9
10 violated. Saucier v. Katz, 533 U.S. 194, 201 (2001).  If such a violation is established, then the Court
11 must ask whether the contours of the law were clear enough that a reasonable official would have
12 understood that her behavior was violating someone's rights. Id. at 202.

13   Here, Mr. Stock's amended Complaint states rather vaguely that all of these Snohomish
14 county employees refused to provide him with certain documents associated with his case, refused to
15
16 allow him to view the court files regarding his case and other public records, conspired to schedule
17 Plaintiff's court dates at an inconvenient time, and refused to renew Plaintiff's judgments.  The Court
18 finds that, even if true, all of these allegations would either fall under the protection afforded to these
19 employees by absolute quasi-judicial immunity or qualified immunity because they are either functions
20 that are integral to the judicial process or there is not a clearly defined constitutional right that has
21 been violated by these behaviors.  Accordingly, the Court must DISMISS Mr. Stock's case against
22 Defendants Koepp, Calson, Hardiman, and Jane Does I-III.
23
24 C.  *Res Judicata* Bars Plaintiff's Claims Against Snohomish County

25   As noted above, Mr. Stock added Snohomish County as a Defendant in his August 18, 2005
26 Amended Complaint.  However, the Court finds that Mr. Stock cannot properly add Snohomish

County as a Defendant in this case because any claims against this Defendant are barred under the doctrine of *res judicata*. *Res judicata* prevents parties from making the same complaint over and over again. The principle of *res judicata* bars relitigation of claims that were raised or could have been raised in a prior legal action. Western Radio Servs. Co. v. Glickman, 123 F. 3d 1189, 1192 (9th Cir. 1997). Normally, a cause of action is considered identical to a prior cause of action for *res judicata* purposes if the new complaint stems from the same transaction or series of transactions as the old complaint. Havercombe v. Dept. of Education, 250 F. 3d 1, 4 (1st Cir. 2001). Here, it is not clear exactly which claims Mr. Stock is alleging against Snohomish County, as he does not particularize which claims are being asserted against which Defendants. Nonetheless, it is obvious to the Court from Plaintiff's Amended Complaint, as well as from the documents submitted to this Court, that any of the claims that Stock could be alleging against Defendant Snohomish County stem from the same transactions with the Cascade District Court and from Mr. Stock's interactions with Judge Wisman as the earlier litigation Mr. Stock brought in state court. For this reason, these claims should have been brought at the time of the state court litigation and may not be asserted anew in this forum. Accordingly, the Court must also DISMISS the claims against Defendant Snohomish County.

D.  Attorney's Fees

Defendants also request that this Court grant them attorney's fees as the prevailing defendant in a civil rights action. Under 42 U. S. C. §1988, a district court is authorized to make such an award where it finds that a plaintiff's action is frivolous or lacks foundation. Maag v. Wessler, 993 F. 2d 718, 719 (1993). In the Ninth Circuit, when a Court decides to award attorney's fees under 42 U.S.C. §1988, it must take several factors into consideration:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience,

ORDER - 7

>> reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Quesada v. Thomason, 850 F. 2d 537, 539 n.1 (1988), (citing Kerr v. Screen Extras Guild, Inc. 526 F. 2d 67, 70 (9th Cir. 1975)).

Defendants make the well-taken point that Plaintiff, as a former attorney, should know that he cannot re-litigate the same issues over and over again until he receives the outcome he is hoping for. The Court also agrees that this dispute is without foundation and appears to be motivated by a long-held grudge on the part of Plaintiff. However, defense council does not provide this Court with any information regarding how long this case took to prepare, what the normal fees for this type of work are, whether extra demands were made by the client, and how much other work was put to the side while the attorneys were preparing this case. The issues presented by this case are not novel, nor were they terribly difficult. The Court acknowledges, nonetheless, that the response to Mr. Stock's litigation is being paid for by the public, as the Snohomish County Prosecuting Attorney is handling the case. If this case had not been brought, these fees could have surely been put to some other worthy use. For this reason, the Court GRANTS Defendants' request and awards Defendants $1000 in attorney's fees, which equals 8 hours of attorney-time, billed at $125/hour. This amount shall be paid to Defendants by Plaintiff within thirty (30 days) of the filing of this Order.

E.  Vexatious Litigator Designation

The Court will not grant Defendants' request that it designate Mr. Stock a vexatious litigator. The Ninth Circuit has directed that such pre-filing orders be used sparingly. DeLong v. Hennessey, 912 F. 2d 1144, 1147 (9th Cir. 1990). Although Mr. Stock may have filed several law suits related to this matter in state court, he has only brought one case (the present one) before this Court. One

ORDER - 8

lawsuit will not justify the issuance of a pre-filing order against Mr. Stock. Thus, Defendants' request is DENIED.

**Conclusion:**

The Court DENIES Plaintiff's Motion for Relief of Deadline because this motion is not based on "excusable neglect" of Plaintiff's deadlines. The Court finds that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and, therefore, DISMISSES the claims against all Defendants pursuant to Fed. R. Civ. P. 12(b)(6). Because Plaintiff has unsuccessfully attempted to litigate these claims in the past, he should have known that they lacked foundation. For this reason, the Court awards $1000.00 in attorney's fees to Defendants to be paid to the county within thirty (30) days of this Order. The Court DENIES Defendants' request to place Plaintiff on vexatious litigator status, as Plaintiff has only brought one case before this Court.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: September 12th, 2005.

Marsha J. Pechman
United States District Judge

Case 2:05-cv-01214-MJP   Document 15   Filed 09/12/05   Page 10 of 10